Case 1:08-cv-01019-JFK Document 150 Filed 10/20/16

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/2016

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
EMA AYMINSKY,                       :
                                    :
                    Plaintiff,      :     08 Civ. 1019 (JFK)
                                    :
     -against-                      :     **MEMORANDUM OPINION**
                                    :            **& ORDER**
PROCTER & GAMBLE PHARMACEUTICALS INC.:
AND AVENTIS PHARMACEUTICALS, INC.,  :
                                    :
                    Defendants.     :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion by Defendants Warner Chilcott (US), LLC and Sanofi US Services Inc.[1] (the "Actonel Defendants") to dismiss this case under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. For the reasons set forth below, the motion is denied.

    Plaintiff Ema Ayminsky originally filed this case in the U.S. District Court for the Eastern District of Virginia against Merck & Co., Inc. ("Merck") and Procter & Gamble Pharmaceuticals Inc., alleging that her use of the prescription drugs Fosamax and Actonel caused her to develop osteonecrosis of the jaw. On December 14, 2007, Plaintiff filed an amended complaint in the

---

[1] Warner Chilcott (US), LLC is the successor in interest to Procter & Gamble Pharmaceuticals, Inc., and Sanofi US Services Inc. (formerly known as sanofi-aventis U.S. Inc.) is the successor in interest to Aventis Pharmaceuticals, Inc. (See Defs.' Mem. at 1.)

1

Eastern District of Virginia adding Aventis Pharmaceuticals, Inc., the other Actonel Defendant.

On December 20, 2007, the Judicial Panel on Multidistrict Litigation entered a conditional transfer order transferring Plaintiff's Fosamax-related claims to this Court as a member of In re: Fosamax Products Liab. Litig., No. 06-MD-1789 (the "MDL"), but separating and simultaneously remanding the Actonel-related claims to the Eastern District of Virginia. The Actonel Defendants opposed the transfer, arguing that the claims against them should also be transferred to this Court. With the consent of counsel for both Merck and the Actonel Defendants, Plaintiff filed a notice of voluntary dismissal in the Eastern District of Virginia action and re-filed the case in this Court on January 31, 2008. The parties agree that the Actonel Defendants were never served with the complaint after the re-filing in this Court. The case was accepted as a member of the MDL on February 15, 2008.

Following several bellwether trials and the execution of a March 24, 2014 Master Settlement Agreement, Plaintiff and Merck entered into a stipulated dismissal of Plaintiff's Fosamax-related claims, which the Court entered on August 21, 2015. (Stipulation and Order of Dismissal with Prejudice, ECF No. 138.) On June 14, 2016, the Court held a status conference, with counsel for both sides appearing, to address Plaintiff's

Actonel-related claims. With leave of court, on July 1, 2016, the Actonel Defendants filed the instant motion to dismiss under Rule 41(b) for failure to prosecute.

The Actonel Defendants argue that Rule 41(b) dismissal of Plaintiff's Actonel-related claims is warranted because Plaintiff abandoned those claims by failing to serve the Actonel Defendants or prosecute her Actonel-related claims after the case was filed in this Court. Mindful that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004), the Court disagrees. As no scheduling order was entered with respect to Plaintiff's Actonel-related claims, it would not have been unreasonable for Plaintiff's counsel to conclude that those claims would be addressed following the resolution of Plaintiff's Fosamax-related claims, which were the basis for this case's inclusion in the MDL. While approximately 10 months elapsed between the dismissal of Plaintiff's Fosamax-related claims and the June 14, 2016 conference, Plaintiff did not violate any court orders and was not warned that further delay would result in dismissal. Under the circumstances, the Court finds that Plaintiff's right to have her claims decided on the merits outweighs any congestion to the Court's calendar or prejudice to the Actonel Defendants

from allowing the case to proceed. Accordingly, Plaintiff's motion to dismiss under Rule 41(b) is denied.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff is ordered to personally serve the Actonel Defendants with the complaint within 14 days of the date of this Order. The parties are directed to appear by telephone for a status conference on November 9, 2016, at 11:00 A.M., to discuss the possibility of resolving this case before remand.

**SO ORDERED.**

Dated:   New York, New York
         October 20, 2016

                                          /s/ John F. Keenan
                                          _____
                                          JOHN F. KEENAN
                                          United States District Judge